**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LOUIS T. TRUJILLO,

        Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,
a municipal corporation; MARTIN
CHAVEZ, in his capacity as Mayor of
Albuquerque, New Mexico, and
individually; CAPTAIN CONRAD
CANDELARIA and DETECTIVE
JOHN WILLIAMS, Albuquerque
Police Department, in their official
capacities and as individuals; ELLEN
CONCINI and ROBERT PIERSON,
Albuquerque Planning and Zoning
Commission, in their official
capacities and as individuals,

        Defendants-Appellees.

No. 05-2314
(D.C. No. CIV-04-462 JC/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

———————————

Louis T. Trujillo appeals from the district court's decision granting

defendants' motion for summary judgment and for qualified immunity.

Mr. Trujillo's complaint included claims pursuant to 42 U.S.C. §§ 1983 and 1985,

as well as state law claims. Mr. Trujillo's appeal challenges the dismissal of his

claims for defamation, conspiracy and malicious prosecution.[1] We review

de novo the district court's summary judgment decision, applying the same

standard as the district court. *See Simms v. Okla. ex rel. Dep't of Mental Health

& Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). We affirm.

Background

In 1976, Mr. Trujillo began operating an open-air market ("flea market") on

his property. From 1980-2003, Mr. Trujillo was repeatedly cited by the City of

Albuquerque for zoning code violations at his flea market. Finally, in December

2003, the City filed suit in state court seeking injunctive relief on two bases:

(1) violation of the zoning code; and (2) operation of a public nuisance. In March

2004, the state court held a hearing and subsequently issued a preliminary

injunction against Mr. Trujillo for his zoning code violations. In April 2004,

———————————

[1]     Mr. Trujillo does not challenge the district court's disposition of his claims
for selective enforcement, unconstitutional taking or substantive due process;
accordingly, any issue with respect to those claims is deemed waived. *See State
Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Mr. Trujillo filed a complaint in federal district court against defendants asserting claims for defamation, conspiracy, selective enforcement, malicious prosecution, unconstitutional taking and substantive due process violations. In May 2004, after another hearing, the state court issued a permanent injunction against Mr. Trujillo for his zoning code violations. In August 2005, the federal district court granted defendants' motion for summary judgment on all claims. Mr. Trujillo timely appealed.

## Defamation Claims

Mr. Trujillo brought claims for defamation under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. He alleged that defendants Captain Conrad Candelaria and Detective John Williams "defamed Plaintiff by casting his business operation in a false light, by maligning Plaintiff's business reputation, by telling reporters and other third parties Plaintiff was engaged in criminal activity." Aplt. App. at 20.

### New Mexico Defamation Claim

Under New Mexico law, "[t]he elements of defamation include a defamatory communication published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff." *Clough v. Adventist Health Sys., Inc.*, 780 P.2d 627, 632 (N.M. 1989). The truth of the statement may be asserted as an affirmative defense. *See id.*

Although the complaint alleges that both Capt. Candelaria and Det. Williams made defamatory statements, there are no factual allegations in the complaint or in the response to summary judgment attributing any statements to Mr. Williams. Summary judgment in favor of Mr. Williams on this claim was therefore appropriate.

The complaint alleged that the following statement was made by Capt. Candelaria and was published in a local newspaper: "the criminal activity at the [flea] market includes fencing, or the selling of stolen items, drug dealing, pirating of illegally produced compact discs and even prostitution." Aplt. App. at 15 (quotation omitted). In defendants' motion for summary judgment, they asserted that the statements made by Mr. Candelaria were true and that therefore the defamation claim could not survive. Defendants supported this assertion with testimony from the state court proceeding against Mr. Trujillo for zoning and nuisance violations. In that proceeding, a homeowner from the neighborhood adjacent to the flea market testified that there was prostitution, drug dealing and the selling of stolen items at the flea market. *Id.* at 125-27.

Mr. Trujillo argued in his response to summary judgment that "[t]he truth of that testimony is for the jury to determine," *id.* at 139, but that statement is not accurate. In order to survive summary judgment and reach a jury, Mr. Trujillo must offer evidence showing that there is a genuine issue as to any material fact. *See* Fed. R. Civ. P. 56(c). Mr. Trujillo failed to offer any evidence to dispute

-4-

defendants' evidence. Moreover, contrary to the allegation in his complaint that defendants told "reporters and other third parties Plaintiff was engaged in criminal activity," *id.* at 20, there are no statements identified in the complaint that speak of Mr. Trujillo himself engaging in any criminal activity. Because Mr. Trujillo failed to produce evidence to rebut defendants' evidence or to provide support for the allegations in his complaint, summary judgment in favor of Mr. Candelaria on this claim was appropriate.

Section 1983 Defamation Claim

The district court, based on its reading of Mr. Trujillo's complaint, interpreted his defamation claim under 42 U.S.C. § 1983 as intending to allege a violation of a liberty interest under the Due Process Clause of the Fourteenth Amendment. Because of this, the district court applied the following four-part test for determining whether statements made allegedly infringed upon a protected liberty interest:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the [plaintiff]. *Second, the statements must be false*. Third, the statements must . . . foreclose other employment opportunities . . . . Fourth, the statements must be published.

*Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1153 (10th Cir. 2001) (quotation and italics omitted) (emphasis added). Because Mr. Trujillo must again offer evidence creating a genuine issue on the falsity of the statements, *see id.*, this claim fails for the same reason that his state claim failed

-5-

as discussed above. The district court did not err in granting summary judgment on this claim.

## Conspiracy Claim

Mr. Trujillo brought a claim for conspiracy under 42 U.S.C. § 1985, alleging that "Defendant Candelaria conspired with the Mayor, or those under the Mayor's direct supervision and control, including the Strike Force to formulate for dissemination to the press the defamatory allegations complained of, and to generate false or misleading statistics to include in the City's Complaint." Aplt. App. at 20. This court has held that a § 1985 conspiracy claim requires "class-based discriminatory animus." *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979). The complaint must therefore "allege facts showing a conspiracy against plaintiff because of [his] membership in a class, and that the criteria defining the class were invidious." *Id.* (quotation omitted). Mr. Trujillo's complaint does not meet this standard. There are no allegations that he is a member of any class that is defined by invidious criteria nor are there any allegations that any class membership was the motivating factor in the conspiracy. The district court properly dismissed this claim as a matter of law.[2]

## Malicious Prosecution Claim

---

[2] Mr. Trujillo asserts for the first time on appeal that his complaint also states a claim for a 42 U.S.C. § 1983 conspiracy. Generally, this court does not consider an issue not ruled on by the district court. *See In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992). Accordingly, we decline to consider this argument.

Mr. Trujillo brought a claim for malicious prosecution alleging "[t]he actions of Defendants in prosecuting the City's Complaint were made with full knowledge that no colorable basis existed for prosecuting a claim against Plaintiff on one or both counts of the City's Complaint." Aplt. App. at 21 ¶60. New Mexico recognizes a tort of malicious abuse of process. The elements for the claim are:

> (1) the initiation of judicial proceedings against the plaintiff by defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

*DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 283 (N.M. 1997). As the court explained, "[i]n short, there must be both a misuse of the power of the judiciary by a litigant and a malicious motive." *Id.* Mr. Trujillo presented no evidence that defendants misused the power of the judiciary or that they had a malicious motive.

Mr. Trujillo asserts that he has a viable claim for malicious prosecution because the state court found no merit in the public nuisance claim brought against him by the City. That is not accurate. The City brought claims against Mr. Trujillo for zoning violations and for public nuisance and sought the issuance of a permanent injunction against the operation of the flea market. Because the court found in favor of the City on the zoning violations and entered the injunction against the flea market, the court deferred ruling on the public nuisance

claim. Aplt. App. at 103-04. There is no support in the record for Mr. Trujillo's assertion that the court found no merit to the City's public nuisance claim. The district court properly dismissed this claim as a matter of law.

## Conclusion

The district court properly granted summary judgment in favor of defendants. We find no merit to Mr. Trujillo's argument that the district court used the wrong standard in analyzing defendants' motion for summary judgment. The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge